IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Gregory E. Fitch, Jr., | : | |
| Plaintiffs | : | Civil Action 2:06-cv-940 |
| v. | : | Judge Frost |
| Sheriff Randy Thorp, *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

*Report and Recommendation*

Plaintiff Gregory E. Fitch, Jr., an inmate at Lucasville, brings this action under 42 U.S.C. §1983 claiming that Defendants violated his constitutional rights by being indifferent to his medical needs while he was held at the Licking County Justice Center. This matter is before the Court on Defendants' February 2, 2007 motion for summary judgment (doc. 8).

I.  Facts

Plaintiff is currently an inmate at Lucasville but was being held at the Licking County Justice Center (Justice Center) from July 26, 2007 to December 29, 2005 while he was awaiting trial. The complaint alleges that Plaintiff began feeling ill on September 18, 2005 with a headache, tiredness, and numbness in his feet, and he reported these symptoms to medical staff. *Compl.*, p. 5. On the next day, Plaintiff claims that he alerted medical staff that he was feeling worse. *Id*. The complaint further alleges that Plaintiff filled out a request to see the doctor on September 20, 2005, but that he did not

see the doctor until September 23, 2005, after his mother came and complained. *Id*. At that point, Plaintiff contends he was examined and rushed to the hospital where he was diagnosed with diabetes and remained in critical condition for 5 days. *Id*. In his complaint, Plaintiff states that there were no grievance procedures at the Justice Center. *Id.* at 3.

Plaintiff claims that the Defendants' failure to provide him with access to a doctor's visit for this extended period of time violates his Eighth and Fourteenth amendment rights.

## II. Arguments of the Parties

Defendants argue that they should be granted summary judgment in this matter because Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act. They claim that Plaintiff was aware of the grievance procedure in place at the Justice Center. Defendants support this claim by producing evidence that he had filed two other grievances while he was incarcerated there, and also that he had viewed an orientation DVD which covered the Justice Center's grievance procedure. Defendants also offer the affidavit of Sheriff Randy Thorp, which states that Plaintiff never filed a grievance related to the charges in his complaint. (Thorp Aff. ¶23).

Further, Defendants contend that Plaintiff did not complain of ill health to Justice Center officials until September 21, 2005 at which point he was placed on a list to be seen by Dr. Compolo. Further, Defendants claim that the only reason that

Plaintiff did not see Dr. Compolo until this date is because this was the first day after Plaintiff's request that he was in the office. Once Dr. Compolo ran some tests on Plaintiff, he had him sent to the hospital for treatment where he was diagnosed and treated for type-1 diabetes. Defendants contend that once Plaintiff returned to the Justice Center, he was placed on a special diet, medications, and his health was monitored.

Plaintiff did not file a response to the summary judgment motion, but did file a response to Defendants' answer wherein he discusses case law pertaining to the constitutional prohibitions against delays in medical treatment. However, Plaintiff at no point in this filing attempts to rebut the Defendants' assertion that he has failed to exhaust his administrative remedies.

### III. Summary Judgment

### III. Summary Judgment

Summary judgment is governed by Rule 56(c) of the Federal Rules of Civil Procedure which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

"[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986) (emphasis in original); *Kendall v. The Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 247-248. The purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. *Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir. 1978). Therefore, summary judgment will be granted "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, . . . [and where] no genuine issue remains for trial, . . . [for] the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." *Poller v. Columbia Broadcasting Systems, Inc.*, 368 U.S. 464, 467 (1962); accord, *County of Oakland v. City of Berkeley*, 742 F.2d 289, 297 (6th Cir. 1984).

In a motion for summary judgment the moving party bears the "burden of showing the absence of a genuine issue as to any material fact, and for these purposes, the [evidence submitted] must be viewed in the light most favorable to the opposing party." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970) (footnote omitted). Inferences to be drawn from the underlying facts contained in such materials must be considered in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Watkins v. Northwestern Ohio Tractor Pullers Association, Inc.*, 630 F.2d 1155, 1158 (6th Cir. 1980).

4

If the moving party meets its burden and adequate time for discovery has been provided, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson*, 477 U.S. at 251 (quoting *Improvement Co. v. Munson,* 14 Wall. 442, 448 (1872)). As is provided in Fed. R. Civ. P. 56(e):

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Thus, "a party cannot rest on the allegations contained in his . . . [pleadings] in opposition to a properly supported motion for summary judgment against him." *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 259 (1968)(footnote omitted).

## IV. Analysis

Under the Prison Litigation Reform Act, 28 U.S.C. §1997(e), an inmate seeking to bring suit must first exhaust his grievance through the prison's administrative grievance procedure. *See Jones v. Bock,* 127 S.Ct. 910, 914 (2007). Although the

Supreme Court has recently held that an inmate need not show exhaustion in his initial pleadings, it also held that an inmate's failure to exhaust remains an affirmative defense. *Id.* at 921.

In this case, Defendants claim that Plaintiff failed to exhaust his administrative remedies. Plaintiff does not attempt to rebut that assertion. In his complaint, Plaintiff contends that there is no grievance procedure in place at the Justice Center. Compl., p. 3. However, this is not the case. Thorp Aff. ¶8, Exh. B. Although Plaintiff's allegation could be construed to mean that he subjectively believed there was no grievance procedure in place, other evidence reveals that interpretation to be incorrect. First, Plaintiff was twice shown an orientation DVD which outlined the grievance procedure.[1] After the viewings, Plaintiff was permitted to ask the deputy who showed him the DVD to clarify any matter he did not understand. Each time, Plaintiff signed a statement acknowledging that he understood the DVD and that the deputy had answered any of his questions. Exh. C and D. Further, the evidence reveals that, during his time at the Justice Center, Plaintiff twice availed himself of its grievance procedure to address other grievances. Exh. E and F.

Judging the facts in a light most favorable to Plaintiff, this Court cannot state that Plaintiff has presented a genuine issue of material fact as to whether he has complied with the PLRA's requirement that he exhaust his grievances in this matter before filing

---

[1] Plaintiff was shown the orientation DVD on July 27, 2005 and on September 13, 2005. It should be noted that Plaintiff's last viewing occurred only a few days before the incidents he complained of allegedly took place.

suit.

## V. Conclusion

For the reasons stated above, the Magistrate Judge finds that Defendant's February 2, 2007 motion for summary judgment (doc. 8) is meritorious; and, therefore, RECOMMENDS that it be GRANTED.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge